**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **VALENTINA LYNN TALBOT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-1741-D** |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Valentina Lynn Talbot, a noncitizen proceeding pro se,[1] filed a Petition seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc 1.[2] United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondents filed a response to the petition, Doc. 9, and the time for Petitioner to reply has lapsed. *See* Doc. 6. So the matter is at

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

issue. For the reasons set forth below, the undersigned recommends the Court **DENY** the petition.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of Canada who entered the United States on or around January 31, 2011. Doc. 1, Ex. 4, at 1. Petitioner lawfully entered the country on a nonimmigrant "B2 Visitor for Pleasure" visa which permitted her to remain in the United States until February 11, 2011. *Id.* Petitioner remained in the United States following the expiration of her visa. *Id.*

On or around January 30, 2014, Petitioner filed a Form I-360, Petition for Amerasian, Widower, or Special Immigrant (Form I-360) as a Violence Against Women Act (VAWA) self-petitioner with the United States Citizenship and Immigration Services (USCIS). *See* Doc. 1, at 9; *Id.* Ex. 3, at 1. On July 31, 2014, USCIS granted Petitioner's petition. *Id.* Ex. 3, at 2. In a notice dated December 11, 2014, USCIS informed Petitioner that it had approved her Application for Employment Authorization (Form I-795) and had placed her case under "deferred action" until November 30, 2015. *Id.* The notice detailed how Petitioner could further extend her deferred action status past that date. *Id.*

On or around August 21, 2025, Fort Worth, Texas police arrested Petitioner and charged her with ten counts of cruelty to animals. *See* Doc. 9,

Ex. 2, at 3. On March 9, 2026, Petitioner pleaded guilty or nolo contendere to one criminal charge in the Tarrant County, Texas District Court. Doc. 1, Ex. 9, at 1-5. On March 11, 2026, Immigration and Customs Enforcement (ICE) took Petitioner into custody, and the Department of Homeland Security (DHS) is currently detaining her at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 9, Ex. 3; *Id*. Ex.4.

On March 11, 2026, DHS initiated removal proceedings against Petitioner by filing a Notice to Appear with the Immigration Court. Doc. 1, Ex. 4, at 1. DHS charged Petitioner as inadmissible under 8 U.S.C. 1227(a)(1)(B) as a nonimmigrant who, after lawful admission, remained in the United States for "a time longer than permitted." *Id*. On March 23, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Canada. *Id*. Ex. 5, at 3-4. On April 17, 2026, Petitioner timely appealed the IJ's removal order to the Board of Immigration Appeals (BIA). *Id*. Ex. 7. On August 19, 2026, the BIA dismissed Petitioner's appeal, making her removal order administratively final.[3] *See* 8 C.F.R. § 1241.1(a) (An order of removal . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]").

[3] *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/caseInformation (last visited Sep. 29, 2026).

## II. Petitioner's claims.

Petitioner alleges that: (1) pursuant to *Immigr. Ctr. for Women and Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026) (*ICWC*), Respondents must release her because she qualifies as a class member due to her approved Form I-360 VAWA self-petition; (2) Respondents never provided her a bond hearing, contrary to ICE claiming that she declined such a hearing; (3) ICE and the Diamondback Correctional Facility staff have failed to reply to her written grievances over her detention; and (4) her detention violates due process because Respondents are not pursuing her removal under a current enforcement action or decision. Doc. 1, at 6-7.

Petitioner states that she does not seek a bond hearing or a change in detention conditions. *Id.* at 7. Rather, she requests that the Court: (1) order ICE to "outright release" her from detention; (2) grant her extensions for any filing deadlines; (3) order ICE to transport her back to Dallas, Texas; (4) grant her expedited review; and (5) grant her any other relief that the Court deems just and proper. *Id.*

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is not eligible for habeas relief.

### A. 8 U.S.C. § 1231 and *Zadvydas* govern Petitioner's detention.

When Petitioner filed her petition on July 10, 2026, and Respondents filed their Response on July 30, 2026, 8 U.S.C. § 1226 applied to Petitioner's detention because her removal order was not yet final. *See* Docs. 1, 9. But, when the BIA dismissed her appeal on August 19, 2026, rendering her removal order administratively final, Respondents' detention authority shifted to 8 U.S.C. § 1231. *See, e.g., Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo.) ("After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231.").

Section 1231(a) provides that "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The ninety-day period is known as the "removal period" and detention during this period is mandatory. *Id*. ("During the removal period, the Attorney General shall detain the [noncitizen]."). The "basic purpose" of § 1231 is "assuring the [noncitizen's] presence at the moment of removal." *Zadvydas*, 533 U.S. at 699.

After the removal period, DHS has discretion either to further detain or to release under supervision inadmissible or criminal noncitizens. *Id*. § 1231(a)(3), (6); *see also* 8 C.F.R. § 241.1. Further detention, however, may not be "indefinite." *Zadvydas*, 533 U.S. at 699. In *Zadvydas*, the Court recognized six months as a "presumptively reasonable period of detention" following a noncitizen's removal order to allow the government to accomplish a noncitizen's removal. *Id*. at 699-701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

As of this date, Respondents have been detaining Petitioner for six weeks since her removal order became final. The ninety-day mandatory detention period has not yet expired, which means that the length of her present

detention falls within the "removal period" mandated under 8 U.S.C. § 1231(a)(2)(A). *See, e.g., Cardozo Gonzalez v. Warden, Diamondback Corr. Facility*, No. CIV-26-1569-PRW, 2026 WL 2547360 (W.D. Okla. Aug. 28, 2026) (The petition does not establish that Petitioner's detention presently exceeds the removal period or that there is no significant likelihood of removal in the reasonably foreseeable future. The Court therefore should deny the petition without prejudice to any later challenge that may become available under § 1231 and *Zadvydas*.").

Therefore, because Petitioner is subject to mandatory detention for the remainder of the ninety-day removal period, the prolonged detention claims she raises in her petition are premature and do not entitle her to habeas corpus relief.

**B. *ICWC* does not entitle Petitioner to habeas corpus relief.**

In *ICWC*, the Central District of California provided preliminary injunctive relief to certain ICE detainees with pending applications for immigration benefits, including U-Visa, T-Visa, and VAWA self-petitioners. 351 F.R.D. at 397. In doing so, the court stayed the enforcement of ICE Policy No. 11005.4, "Interim Guidance on Civil Immigration Enforcement Actions Involving Current and Potential Beneficiaries of Victim-Based Immigration Benefits." *Id.* at 348, 397. The court applied its stay "in favor of All Individual

Plaintiffs, the current and future clients of the Organizational Plaintiffs, and the members of all three Classes." *Id.* at 397. These classes include:

> (1) Pending Petition Class: All individuals with pending principal or derivative U visa petitions, T visa petitions, or VAWA self-petitions who ICE detains or seeks to detain for civil immigration enforcement;
>
> (2) Deferred Action Class: All individuals to whom USCIS has granted deferred action based on a pending U or T visa petition and who, during the authorized period of deferred action, ICE detains, seeks to detain, or removed without providing notice and an opportunity to be heard regarding potential revocation of their deferred action status; and
>
> (3) Stay of Removal Class: All individuals with a pending U or T visa petition who, since January 30, 2025, have been, are, or will be detained by ICE and who request or requested a stay of final removal order prior to enforcement of that removal order.

*Id.* at 396.[4]

Petitioner asserts her approved VAWA self-petition qualifies her as a *ICWC* class member and entitles her to release from detention.[5] To establish

---

[4] *See, e.g.*, *C.D. v. Blanche*, No. 26-cv-3566, 2026 WL 2588362, at *4 (D. Minn. Sep. 2, 2026) ("Simply put, district courts cannot issue class-wide injunctions that prohibit removal. However, the *ICWC* court instead issued class-wide stays of the 2025 Guidance and the de facto revocation policy as to the certified classes, and then granted individual injunctive relief to the individual plaintiffs.").

[5] The undersigned recognizes a split among district courts across the country as to whether *ICWC* is applicable outside of the Central District of California. *Compare Benitez-Martinez v. Blanche*, No. 26-cv-609, 2026 WL 2824542, at *2 (D. Idaho Sept. 21, 2026) ("*ICWC* is a preliminary, non-final

class membership, however, Petitioner must have a *pending* U-Visa, T-Visa, or VAWA self-petitioner application.[6] Petitioner does not have a pending application; she has an *approved* VAWA self-petition from July 31, 2014. *See* Doc. 1, Ex. 3, at 2. *ICWC* is silent on whether its injunction applies to those with approved applications. And, although Petitioner was granted deferred status, that status expired on November 30, 2015. *Id*. Petitioner could have applied to extend that status, but the record is void of any evidence that she did so, or that her deferred status is still in effect. *Id*.

Petitioner has not shown she falls within *ICWC's* covered class. So it does not support her request for habeas corpus relief.[7]

---

order issued by another district court, and Petitioner identifies no authority establishing that the *ICWC* order independently entitles a class member to habeas relief in another district."), *with Mejia v. Baltazar*, No. 26-cv-2084-RMR, 2026 WL 2224656, at *2 (D. Colo. Aug. 3, 2026) ("[T]he Court finds Petitioner's current circumstances warrant his immediate release pending review of his T visa application pursuant to the Stay of Removal class in ICWC."). But, because Petitioner does not fall within the identified class, the Court need not decide the geographic or nonparty effect of *ICWC's* injunction.

[6] Only the first class—the "Pending Petition Class"—applies to VAWA self-petitioners. *ICWC*, 351 F.R.D at 396. The remaining two classes do not expressly cover VAWA self-petitioners. *Id*.

[7] Even if the Court found Petitioner fell within the identified class, *ICWC* would not support a conclusion that Petitioner is entitled to habeas corpus relief. *See, e.g.*, *Ayala-Morales v. Olson*, No. 26-cv-375-JRS-MJD, 2026 WL 1781976, at *3 (S.D. Ind. June 22, 2026) (finding that ICWC did not "compel" the petitioner's "release" because, even if he was a member of the class *and*

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **DENY** Petitioner's habeas petition.[8] The Court's adoption of this Report and Recommendation will moot any pending motions. *See* Doc. 3.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 21, 2026, in accordance 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

ICWC was binding on the court, the injunction did "not entitle him to automatic release from custody" but rather "to be treated as he would have been treated" before the 2025 policy change).

[8] Respondents argue that Petitioner would not suffer "irreparable harm" if they removed her because she may continue to apply for relief through USCIS, but such facts are outside the scope of a habeas action. Similarly, Petitioner's allegation that ICE failed to respond to her grievances does not relate to the question of her continued detention. For these reasons, the Court does not address these issues.

**ENTERED** this 30th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE